NOT FOR PUBLICATION                                          (Document No. 131)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JERMAINE GEORGE JUMPP and MICHAEL CLIFTON ADAMS, JR., | : | |
| Plaintiffs, | : | Civil No. 08-6268 (RBK/KMW) |
| v. | : | **OPINION** |
| RODNEY JERKINS, RODNEY JERKINS PRODUCTIONS, INC., INTERSCOPE GEFFEN A & M, UNIVERSAL MUSIC GROUP, INC., UNIVERSAL MUSIC CORP., SHAWN C. CARTER, CARTER BOYS MUSIC, TEAM S. DOT PUBLISHING, GARRETT R. HAMLER, XAVIER CRAIG BROCKMAN, CRAIGMAN MUSIC, CHARLES CORNELIUS MIMS, STATE ONE SONGS AMERICA, EMI BLACKWOOD MUSIC INC., HITCO MUSIC, and MARY J. BLIGE, | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon an unopposed motion by Defendant EMI Blackwood Music Inc. ("Defendant" or "EMI Blackwood") to dismiss the amended complaint of Plaintiff Jermaine George Jumpp ("Plaintiff") for lack of personal jurisdiction pursuant to

1

Federal Rule of Civil Procedure 12(b)(2).[1]  For the reasons stated below, the Court grants Defendant's motion.

I.      BACKGROUND

This case began on December 19, 2008, when Plaintiff filed suit against sixteen defendants alleging a single count of copyright infringement.  One of the sixteen defendants was EMI Blackwood.  In brief, Plaintiff claims that the "Defendants"[2] created, published, and distributed a song entitled "Enough Cryin'" performed by Mary J. Blige that is substantially similar to Plaintiff's copyrighted song, "On My Grind."  Plaintiff claims that around 2001, four years before Enough Cryin's publication, "Defendants" had access to his song.

Plaintiff offers as his sole allegation in support of this Court's jurisdiction that "Defendants have committed acts complained of herein within this judicial district."  Pl. Am. Compl. at ¶ 21.  But aside from alleging that Defendant is a Florida corporation with its principal place of business in Delaware, Plaintiff does not allege any particular facts about Defendant, its business practices, or the role it played in the alleged infringement.

However, the Court is able to glean some of this contextual information from uncontroverted statements found in Defendant's court filings.[3]  EMI Blackwood is a music publishing company that licenses and otherwise exploits musical compositions.  Def. br. at 3.  Defendant does not write the compositions it owns.  Dallas Aff. at ¶ 6.  In essence, Defendant owns copyrights to musical compositions written by other parties and licenses the right to

---

[1] Though this action originally concerned many parties, the only parties involved in the immediate matter are the only remaining Plaintiff, Jermaine George Jumpp, and Defendant EMI Blackwood Music Inc.
[2] Plaintiff does not allege specifically which of the sixteen defendants infringed his song.
[3] Because Plaintiff has not opposed Defendant's motion, Defendant's papers are the only available source of this background information.

manufacture and distribute copies of these compositions.  Def. br. at 3.  In the matter before the Court, Defendant licensed the right to distribute Enough Cryin' to another of the sixteen original defendants, Interscope Geffen A&M ("Geffen").  Id.  It seems that Geffen, in turn, allegedly distributed copies of Enough Cryin' in New Jersey.

On April 9, 2010, Defendant filed the immediate motion to dismiss.  Plaintiff, who is proceeding pro se,[4] has not filed a brief in opposition of Defendant's motion.  Neither has Plaintiff at any point provided the Court with affidavits, declarations, or other evidence in support of jurisdiction over Defendant.

## II.     STANDARD

Once a defendant raises lack of personal jurisdiction, the plaintiff bears the burden of showing that personal jurisdiction exists.  Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007).  "In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true.  But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper."  Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996) (internal citations omitted).  In demonstrating that jurisdiction is proper, the plaintiff must establish facts with reasonable particularity.  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).  Because personal jurisdiction is "inherently a matter which requires resolution of factual issues outside the pleadings," a plaintiff may not rely entirely on general averments in the pleadings.  Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n. 9 (3d Cir. 1984).  Where a court does not hold an evidentiary hearing on personal jurisdiction, the plaintiff

---

[4] Although Plaintiff had an attorney during much of the life of this matter, Plaintiff filed his amended complaint pro se and Plaintiff's attorney was officially terminated on April 27, 2010.

need only state a prima facie case.  Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).

To exercise personal jurisdiction over a defendant, a federal court hearing a claim based on federal law must undertake a two-step inquiry to measure a defendant's relationship with the forum state.  See Bandai America Inc. v. Bally Midway Mfg. Co., 775 F.2d 70, 75 (3d Cir. 1985); DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 283 (3d Cir. 1981).  First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction.  Second, the court must apply the principles of due process.  See Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process, and so New Jersey courts look to federal law for the interpretation of the limits on personal jurisdiction.  Id.

Due process permits the exercise of personal jurisdiction over a non-resident defendant where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Provident Nat. Bank v. California Federal Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (internal citations and quotations omitted).  Physical presence within the forum is not required; instead, the plaintiff must show that the defendant purposefully directed his activities toward the residents of the forum state, or otherwise "purposefully availed [himself] of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  Imo Indus., 155 F.3d at 259 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985); Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

4

A plaintiff may establish jurisdiction by proving the existence of either specific or general jurisdiction. Provident Nat. Bank, 819 F.2d at 437. To establish specific jurisdiction, a plaintiff must demonstrate that "the particular cause of action sued upon arose from the defendant's activities within the forum state." Id. On the other hand, to establish general jurisdiction, the plaintiff must "show significantly more than mere minimum contacts"; the defendant's forum contacts must be "continuous and substantial." Id. (internal citations omitted).

### III. DISCUSSION

Defendant argues that Plaintiff has not alleged facts that support a finding of personal jurisdiction over Defendant. For the reasons stated below, the Court agrees with Defendant.

In this dispute, Plaintiff simply has not met his minimal burden of stating a prima facie case of personal jurisdiction. Plaintiff has not at any point submitted affidavits or other competent evidence in support of jurisdiction over Defendant. Plaintiff has fallen far short of meeting his evidentiary burden, and on these grounds alone it is appropriate to grant Defendant's motion. Cf. Dayhoff, 86 F.3d at 1302.

This outcome remains the same even granting Plaintiff considerable leeway because of his pro se status and his failure to oppose Defendant's motion. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that pro se complaints are to be construed liberally); Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 248 (3d Cir.1999) (stating that courts should "apply the applicable law, irrespective of whether [the] pro se litigant has mentioned it by name"); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (suggesting that motions unopposed by pro se litigants should not be granted without analysis of the merits). Thus, even when the Court uncovers Plaintiff's implied legal argument regarding personal jurisdiction, considers all

5

evidence before the Court in a light most favorable to Plaintiff, and analyzes the merits of the case, it remains that there is no adequate factual basis upon which to predicate a finding of personal jurisdiction.

To begin, the record is bereft of any suggestion of general jurisdiction. Notwithstanding, a relevant argument regarding specific jurisdiction seems to underlie Plaintiff's amended complaint. As Defendant points out – correctly in the Court's view – the only sensible interpretation of Plaintiff's amended complaint is that Plaintiff intends to argue that Defendant violated his copyright when it published a similar song. As a corollary to this, Plaintiff impliedly suggests that the Court has jurisdiction over Defendant because Defendant purposefully availed itself of doing business in New Jersey when it licensed Enough Cryin' to Geffen, which in turn allegedly distributed the song in New Jersey.

This theory – that jurisdiction can be premised on a party's inserting a product into a chain of distribution – has been termed the "stream of commerce" theory of minimum contacts. See Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102 (1987). Although the precise contours of this theory have yet to be determined, Asahi instructs that "mere knowledge or awareness that one's products will end up in the forum state" is not enough to establish minimum contacts sufficient for personal jurisdiction.[5] Renner v. Lanard Toys Ltd., 33 F.3d 277, 282 (3d Cir. 1994). However, because the stream of commerce theory requires contacts that are purposeful rather than unpredictable or incidental, id., knowledge or awareness

---

[5] There was no majority opinion in Asahi as to the scope of the theory – both Justice O'Connor and Justice Brennan wrote for separate four-Justice pluralities. Under Justice O'Connor's plurality, the plaintiff must demonstrate "additional conduct . . . that may indicate an intent or purpose to serve the market in the forum state." See Asahi, 480 U.S. at 112; Renner, 33 F.3d at 282. Under Justice Brennan's plurality, some "regularity of shipment" is required. Renner, 33 F.3d at 282; see Asahi, 480 U.S. at 117 (Brennan, J., concurring).

6

that one's products will end up in the forum state is a necessary, albeit insufficient, element of minimum contacts.

In the present matter, the evidence does not suggest that Defendant ever had knowledge or awareness that Enough Cryin' would enter New Jersey. For example, the record shows no evidence favorable to Plaintiff regarding the scope of the licensing agreement between Defendant and Geffen, whether Geffen was obligated or likely to distribute the song in New Jersey, or whether the song was actually distributed in New Jersey in the first place. In these circumstances, where the Court is left to guess how the song may or may not have trickled its way into New Jersey, it would be simply inappropriate to assume that Defendant had any knowledge or awareness that the song would reach this forum.

Ultimately, even if Plaintiff had explicitly argued this stream of commerce theory without the Court's assistance, it would remain that the record simply does not support a finding of personal jurisdiction. And although the Court is willing to engage in a deeper inquiry into the merits in light of a pro se plaintiff's failure to oppose a motion to dismiss, the Court is not prepared to relax the need for a minimal evidentiary showing of readily provable facts. A contrary approach would relegate the Court to mere guesswork, and Plaintiff's evidentiary burden exists precisely to prevent such blind inquiries.

Thus, after approaching the matter from all available avenues, the Court is satisfied that it cannot premise any form of personal jurisdiction on the scant record before it.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction. An accompanying Order shall issue today.

Date: 7-7-10 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge