NOT FOR PUBLICATION                                    (Doc. Nos. 201, 205, 206, 207, 212)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JERMAIN GEORGE JUMPP, : | |
| PLAINTIFF, : | CIVIL NO. 08-6268 (RBK/KMW) |
| v. : | OPINION |
| RODNEY JERKINS, ET. AL., : | |
| DEFENDANTS. : | |

**KUGLER, UNITED STATES DISTRICT JUDGE:**

Before the court is Plaintiff's motion in response to the defendants' motions and affidavits seeking attorney's fees for a violation of Rule 37. Plaintiff claims that fees are inappropriate because the defendant did not make a formal motion to compel discovery prior to asking for sanctions. Plaintiff also claims that an award of fees is unreasonable because he is indigent, and because it gives the defendant's attorney a windfall. Upon evaluation of the motion's merits, the Court finds that, under local rules, the defendant did not have to make a formal motion, and Plaintiff has not properly challenged the fees as unreasonable. Therefore, Plaintiffs opposition to the Defendants' motion for attorney's fees is dismissed

**I. BACKGROUND**

This case arises from an alleged copyright infringement action brought by Plaintiff, Jermaine Jumpp, on December 19, 2008. (Compl. 7, Dec. 19, 2008, ECF No. 1.) At the beginning of the matter, Plaintiff was represented by William J. Heller, Esq. of McCarter &

English, LLP; however, counsel was eventually given leave to withdraw on December 7, 2009. (Order 4-5, Dec. 7, 2009, ECF No. 111.) Plaintiff represented himself *pro se* until May 13, 2011, when Plaintiff's current counsel filed his appearance. (Pl.'s Att'y Appear. 1, May 13, 2011.)

In February 2011, as a *pro se* litigant, Plaintiff attended a scheduling conference before Magistrate Judge Williams, where Plaintiff was informed of his discovery obligations and his obligation to read through the Federal Rules. (Tele. Conf. Tr. 8-9, February 2, 2011, ECF No. 164.) The Magistrate Judge established March 18, 2011, as a deadline for the parties' initial written discovery. (Tele. Conf. Tr. 12, February 2, 2011, ECF No. 164.) Despite being well informed of his obligations, Plaintiff never complied with any discovery deadlines while *pro se*. (Tele. Conf. Tr. 9 May 2, 2011, ECF No. 165.) At this point, Plaintiff was being assisted by Simon Rosen, Esq. and was waiting for his new counsel to make an appearance. (Tele. Conf. Tr. 5, May 2, 2011, ECF No. 165.) During this conference, it was made clear to Plaintiff that the case had been ongoing for over three years, that factual discovery was ending on July 29th, 2011, and that the deadlines are inflexible. (Tele. Conf. Tr. 6, May 2, 2011, ECF No. 165.)

As the conference progressed, defense counsel brought to the Court's attention that Plaintiff had flouted his obligations with respect to discovery despite being informed of these obligations when he became a *pro se* litigant. (Tele. Conf. Tr. 8, May 2, 2011, ECF No. 165.) Defendants then asked, "When will Mr. Jumpp be ordered to respond or risk serious sanctions in this case?" (Tele. Conf. Tr. 9, May 2, 2011, ECF No. 165.) In response, this Court ordered that Plaintiff have all of his discovery obligations met by May 20, 2011, and if not met, then defense counsel would be given leave to file whatever discovery motions they deem appropriate. (Tele.Conf. Tr. 9, May 2, 2011, ECF No. 165.)

Plaintiff failed to tender the required discovery by the May 20 deadline, and Defendants asked the Court for permission to seek a dismissal, which the Court granted. (Tele. Conf. Tr. 8, May 20, 2011, ECF No. 165.) On June 5, 2011, Defendant, State One Songs America (One Songs), moved to dismiss Plaintiff's Complaint, and requested attorney's fees. (One Songs Am. Mot. Dismiss 18 n. 9, July 5, 2011, ECF No. 166.) Subsequently, Defendants Shawn Carter and Carter Boys Music joined One Songs' motion and Defendants Mary J. Blige, Interscope Geffen A&M Records, Universal Music Group, Inc, and Universal Music Corp, filed a motion for sanctions. (Carter Letter 1, June 14, 2011, ECF No. 167; Cert. of Confoy, June 16, 2011, ECF No. 168.)

The Court denied Defendant's motions to dismiss; however, it ordered that Plaintiff "reimburse all defendants for the costs and attorney's fees of filing the motion to dismiss, including the costs and attorney's fees for all defendants' briefs and attachments; and all defendants' costs and attorney's fees for appearing for oral argument." (Order to Reimburse 1-2, September 6, 2011, ECF No. 201.)

Plaintiff, in his affidavit, states that he was laid off from his former employment with TD Bank in 2009. (Pl's Aff. 1, Sept. 23, 2011, ECF No. 212.) In August of 2011, Plaintiff stopped receiving unemployment benefits and states that he has not been employed since the benefit payments ended. (Pl.'s Aff. 1, Sept. 23, 2011, ECF No. 212.) Thus, Plaintiff claims that he is indigent. (Pl.'s Letter 2-3, Sept 23, 2011, ECF No. 212.)

## II. DISCUSSION

### A. Informal Motion To Compel

Plaintiff first contends that the application of Rule 37 sanctions is inappropriate since Defendants did not file a formal motion to compel; instead, they filed a motion to dismiss.

However, this Court has not required such a formal motion where the end result of an informal procedure is the same as a formal motion to compel. See Wachtel v. Health Net, Inc., 239 F.R.D. 81, 94 n. 29 (D.N.J. 2006).

In the present case, it is clear that discovery issues have been a reoccurring problem. In the February 7, 2011 hearing, the Court established March 18, 2011 as the deadline for initial written discovery. Plaintiff failed to meet this deadline, which later prompted defense counsel to address the matter in a subsequent status conference on May 2, 2011. During the May 2, 2011 scheduling conference, Defendant's counsel asked, "when will Mr. Jumpp be ordered to respond or risk serious sanctions in this case?" (Tele. Conf. Tr. 9, May 2, 2011, ECF No. 165.) When rendering its order, this Court stated that all of Plaintiff's discovery obligations must be met by May 20, 2011 and if they are not met, then he would give Defendants' leave to file "whatever motions they deem appropriate." Id. Furthermore, the May 2 order mimics this language stating that any failure to produce discovery by May 20, 2011 will result in the Court granting defendants leave to file discovery motions. (Am. Sched. Order 1, May 2, 2011, ECF No. 158.) Plaintiff's interrogatories were not tendered until July 25, 2011, nine weeks after the May 20 deadline and six weeks after Defendants made their motion to dismiss and asked for attorney's fees. (Blige Letter 1, August 4, 2011, ECF No. 191.)

Defendants asked the Court to make it clear to Plaintiff that his failure to comply with the discovery rules would result in sanctions. This is tantamount to a motion compelling discovery, and the judge's order, likewise, compelled discovery. Under these circumstances it is superfluous for Plaintiff to argue that there can be no sanction under rule 37 merely because there was no formal written motion.

### B. Reasonableness of Attorney's Fees Against an In Forma Pauperis Party

Plaintiff contends that his *in forma pauperis* status should preclude him from having to pay reasonable attorney's fees levied under Rule 37. The Federal Rules of Civil Procedure demand that "the court *must* . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to *pay the movant's reasonable expenses* incurred in making the motion, including attorney's fees." Fed. Rules Civ. Proc. 37(a)(5) (emphasis added). The exceptions to this rule are where (1) the moving party did not make a good faith attempt to obtain discovery before moving; (2) the nondisclosure, response or objection was substantially justified; or (3) the circumstances would make it unjust. *Id.*

A party's indigent status does not, alone, preclude the Court from assessing expenses. See Toner v. Wilson, 102 F.R.D. 275, 276 (Dist. Ct. Pa. 1984); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989) ("If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant. Courts can assess costs and monetary sanctions against IFP litigants."); Harris v. Forsyth, 742 F.2d 1277, 1278 (11th Cir.1984) ("a court has discretion to award costs against indigents as in other cases"); Bernard v. Ricketts, 1993 WL 51197, *1 (9th Cir. Feb. 26, 1993) ("[T]he district court could have assessed monetary sanctions against [plaintiff] despite his apparent poverty."); Isaac v. American Intercontinental University, 2007 WL 1959201, *6 (N.D. Ga. June 28, 2007) ("The Court can assess costs and monetary sanctions against plaintiff, in spite of her IFP status.").

Furthermore, the policies supporting the imposition of a Rule 37 sanction are to "(1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 99 (D.N.J.,2006) citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778

(1976) and Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1453 (11th Cir.1985), *see also* Roadway Exp., Inc. v. Piper, 447 U.S. 752, 763 (1980).

Although it is unclear, it appears Plaintiff argues that his indigent status would make it unjust to impose a sanction of fees for $34,808.40. However, the argument is clearly juxtaposed to the established law. As the Court in Toner stated, "poverty may present Defendants with a problem collecting any award, [but] poverty does not make an award of expenses unjust." Toner, 102 F.R.D. at 276. In this case, the Court finds that Plaintiff's economic status is overridden by other, more important, concerns.

To accept indigence as a reason for not applying a Rule 37 sanction of attorney's fees would undermine the purpose of the rule. Rule 37 sanctions are penalties for violating the discovery rules, and such penalties are meant to deter future conduct and compensate for the collateral damage that, by a party's actions, is levied on a party that must move to enforce the rule. The failure to sanction indigent plaintiffs can only result in incentivizing abuse of the discovery system because they can impose costs upon their opponents without fear of recompense. Williams v. Adams, No. 10-3044, slip op. at 6 (7th Cir. Sept. 23, 2011).

In order for Plaintiff to avoid sanctions, he would have to argue (1) the moving party did not make a good faith attempt to obtain discovery before moving; (2) the nondisclosure, response or objection was substantially justified; or (3) the circumstances would make it unjust. Fed. Rules Civ. Proc. 37(a)(5). Plaintiff does not sufficiently make any of these arguments; however, it appears they are arguing that the amount of the fee is unreasonable for two reasons: it would provide a windfall and that courts have found a $500 fee reasonable. Neither reason is compelling.

Plaintiff relies on Jama v. Esmor Correctional Services, Inc. in support of his belief that

the sanction cannot produce a windfall. 577 F.3d 169 (3rd Cir. 2009). However, this case does not purport to support this position. Rather, the case finds that there is no automatic denial of attorney's fees in a civil rights case where only nominal damages were granted. Id. at 176. Regarding reasonableness of fees, the Jama Court found that:

> The [moving party] bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case. Once the [moving party] has carried this burden, defendant may contest that prima facie case only with appropriate record evidence.

Id. at 180. The appellant argued that their own evidence regarding rates, and rates of others in the market proved that the appellant's rates were unreasonable. Id. at 181. However, the Court disagreed, finding that an indication that the rates are higher than in other cases is insufficient to find that a lower court's finding of reasonableness is clearly erroneous. Id.

Plaintiff's reliance on this case is off point. First, this case is a Rule 37 sanction for attorney's fees and not a statutory award of attorney's fees through a civil rights violation. Second, the case does not stand for Plaintiff's proposition that there cannot be a windfall, but it supports the contention that the party asking for the fees has to establish their reasonableness through affidavits and examples of similar rates. Defendants have all proffered affidavits of their expenses incurred when enforcing their rights under Rule 37. Plaintiff has submitted that he does not dispute these amounts. Therefore, Plaintiff has not challenged the fees as unreasonable, but merely contends that it is not reasonable for him to pay the value of the expenses he imposed on Defendant.

The second case which Plaintiff relies on , Gen. Ins. Co. v. Esmor Correctional Svc., is inapposite because it considers whether a Rule 37 sanction for attorney's fees can be levied on a nonparty. 126 F.3d 215. There, the $500 award was imposed upon a third party for disobeying

an order to attend a deposition and produce documents. Id. at 220. The case does not speak at all to the reasonableness of the fee. Since the sanction here is being placed upon a party to the case, the Gen. Ins. Co. case is outside the scope of this issue.

Defendants have proffered affidavits of their costs and expenses incurred. Plaintiff not only fails to contest the reasonableness of the fees for similar legal services, but he does not dispute the amount set forth in the invoices. Instead, he makes the conclusory argument that the fee would provide a windfall to Defendants. However, this would go against the language of the order, which requires only that Plaintiff reimburse Defendants for costs and attorney's fees. Plaintiff has failed to demonstrate that defendants would receive a windfall.

### III. CONCLUSION

Because Plaintiff fails to show that the sanction of fees would be unjust as required by F.R.C.P. 37(b), Plaintiff's opposition to the sanction is denied. Furthermore, because Plaintiff has failed to produce any evidence contradicting the affidavits provided by Defendants, Plaintiff has not shown that these rates are unreasonable. Therefore, Defendants' applications for attorneys fees are granted.

Dated: 11-3-11

ROBERT B. KUGLER
United States District Judge