NOT FOR PUBLICATION                                                    (Doc. No. 213)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                             :
JERMAINE GEORGE JUMPP,                       :
                                             :
             Plaintiff,                      :
                                             :         Civil No. 08-6268 (RBK/KNW)
        v.                                   :
                                             :               **OPINION**
RODNEY JERKINS, et al.,                      :
                                             :
             Defendants.                     :
_____              :

**KUGLER,** United States District Judge:

        This is a copyright infringement case.  Defendants Rodney Jerkins and Rodney Jerkins

Productions (collectively, the "Jerkins Defendants") move pursuant to Federal Rule of Civil

Procedure ("FRCP") 12(b)(5) to dismiss Plaintiff Jermaine Jumpp's action against them based on

insufficient service of process.  Plaintiff Jermaine Jumpp ("Plaintiff") and Co-Defendant Mary J.

Blige ("Blige") oppose the Jerkins Defendants' motion.  For the following reasons, the Court

GRANTS the Jerkins Defendants' motion.

**I.      DISCUSSION[1]**

        Plaintiff opposes the Jerkins Defendants' motion on the grounds that Plaintiff, who had

been representing himself pro se from March 1, 2010 through May 2011, now has again retained

counsel.  Plaintiff further argues that this Court may find that the Jerkins Defendants have

waived service.  Plaintiff alternatively argues that Plaintiff should be afforded another extension

of time to effectuate service.  The Court finds that Plaintiff's argument that he now has retained

---

[1] The legal standard for analyzing Rule 12(b)(5) motions has been set out in the Court's Opinion dated March 1,
2010.  The factual background relevant to the instant motion has also been set forth in the March 1, 2010 Opinion
and in the Court's Order dated March 19, 2010.

counsel does not constitute good cause for an extension of time to effect service, since Plaintiff had ample opportunity to obtain counsel prior to May 2011.  Furthermore, in light of the fact that the Jerkins Defendants had timely moved for dismissal due to insufficient service of process, the Court declines to find that the Jerkins Defendants have waived service in this case.

This Court notes that despite this Court's March 19, 2010 Order granting an extension of time for service of process, Plaintiff has failed to effect service on the Jerkins Defendants within 130 days of the filing of the Complaint.[2]  This Court has expressly declined to issue any further extensions to Plaintiff to effect service.  Furthermore, this Court has dismissed other similarly-situated Co-Defendants for failure of service pursuant to Rule 12(b)(5).  See Order dated January 26, 2011 (Doc. No. 149).  Accordingly, this Court sees no reason to refrain from granting the Jerkins Defendants' motion to dismiss.

Defendant Blige argues that she will be prejudiced if the Jerkins Defendants are dismissed from the case, since she will have to defend the case by herself.  However, the Court notes that Defendant Blige has asserted crossclaims against the Jerkins Defendants pursuant to FRCP 13(g).  The Court further notes that the Jerkins Defendants have not requested dismissal of Blige's crossclaims.  Defendant Blige asks this Court for permission to file a third-party complaint against the Jerkins Defendants in the event that the Jerkins Defendants' motion is granted.  Blige Letter dated January 28, 2011.  The Jerkins Defendants have in turn acknowledged that Defendant Blige is free to bring a third party complaint against them.  Shane Decl. at ¶ 18.  The Court finds that Defendant Blige is not required to bring a new third party complaint at this time, since Defendant Blige's currently asserted crossclaims pursuant to FRCP 13(g) are not the subject of the Jerkins Defendants' motion to dismiss.

---

[2] Plaintiff had 120 days to effect service pursuant to FRCP 4(m).  In this Court's March 1, 2010 Order, Plaintiff was granted an additional 10 days in which to effect service.  Plaintiff failed to serve the Jerkins Defendants during the extended period of time.

**II.**     **CONCLUSION**

For the reasons discussed above, the Court GRANTS the Jerkins Defendants' Motion to

Dismiss pursuant to Rule 12(b)(5).  An appropriate Order shall issue today.


Dated:  6/1/12                                       /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge